Exhibit "A"

# State of Louisiana
## Secretary of State

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

11/27/2024

ATAIN SPECIALTY INSURANCE COMPANY
MANNY MANUELIDIS
KAUFMAN FINANCIAL CENTER
30833 NORTHWESTERN HIGHWAY
FARMINGTON HILLS, MI  48334

Suit No.: 52299
18TH JUDICIAL DISTRICT COURT
POINTE COUPEE PARISH

DOVE HAVEN LLC
vs
ATAIN SPECIALTY INSURANCE COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

NANCY LANDRY
Secretary of State

Served on: NANCY LANDRY
Served by: B GARAFOLA

Date: 11/26/2024
Title: DEPUTY SHERIFF

No: 1346976



JN

# CITATION FOR PETITION
**18TH JUDICIAL DISTRICT COURT**
**PARISH OF POINTE COUPEE**
**201 EAST MAIN STREET**
**P.O. BOX 38**
**NEW ROADS, LOUISIANA 70760**

DOVE HAVEN LLC

VERSUS 52299D

ATAIN SPECIALTY INSURANCE COMPANY

RECEIVED DATE

NOV 2 5 2024

E.B.R. Sheriff Office

TO:   ATAIN SPECIALTY INSURANCE COMPANY
      through its Agent for Service
      LOUISIANA SECRETARY OF STATE
      8585 ARCHIVES AVENUE
      BATON ROUGE, LA 70809

You are named as a Defendant in the above-captioned matter. Attached to this Citation is a:

✓ Certified copy of the Original Petition  ___ Certified copy of the Amended Petition  ___ Discovery Requests

You must either comply with the demands contained in the Petition or make an appearance either by filing an answer or other pleading in the 18th Judicial District Court located at the above address within the delay provided by Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

Article 1001 of the Louisiana Code of Civil Procedure states:
A.  A Defendant shall file his Answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the Plaintiff files and serves a Discovery Request with his Petition, the Defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B.  When an exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
C.  The Court may grant additional time for answer.

Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**CLERK OF COURT STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issued by the Clerk for the 18th Judicial District Court on NOVEMBER 6, 2024.

HON. BECKY EWING MILLER
CLERK OF COURT
P.O. DRAWER 38
NEW ROADS, LA 70760

BY: _____
DEPUTY CLERK OF COURT

SERVED ON
NANCY LANDRY

NOV 26 2024

SECRETARY OF STATE
COMMERCIAL DIVISION

Plaintiff's Attorney:   Kendall J. Krielow
                        P.O. Box 1197
                        Thibodeaux, LA 70302
                        (985) 324-3400

DATE RECEIVED: _____
TYPE OF SERVICE: _____
DATE SERVED: _____
TYPE OF SERVICE: _____   PERSONAL _____
                                            DOMICILIARY _____
PERSON SERVED: _____
UNABLE TO LOCATE: _____
DEPUTY SHERIFF: _____

522991D

| | | |
|---|---|---|
| DOVE HAVEN, LLC | * | STATE OF LOUISIANA |
| VERSUS NO. | * | PARISH OF POINTE COUPEE |
| ATAIN SPECIALTY INS. CO. | * | 18TH JUDICIAL DISTRICT COURT |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Petitioner, DOVE HAVEN, LCC ("Petitioner"), juridical person, a limited liability company organized under the laws of Louisiana and domiciled in the Parish of East Baton Rouge, State of Louisiana, with respect, represent:

1.

Made Defendant herein is:

A) **ATAIN SPECIALTY INSURANCE COMPANY**, ("Atain" and/or "Defendant"), a foreign insurance company licensed to do and doing business in the State of Louisiana, and with an agent for service in the State of Louisiana to wit: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

2.

Venue is proper in the 18th Judicial Court pursuant to Louisiana Code of Civil Procedure Article 76. This is an action against a property insurance carrier and the loss occurred in Pointe Coupee Parish, Louisiana.

3.

Petitioner purchased a Commercial Property Coverage Policy from Defendant, Atain (hereinafter, the "Policy"). The Policy was in effect on or about January 24, 2023, when a severe thunderstorm with extreme winds struck Pointe Coupee Parish causing damage to the Petitioner's property located at 5968 Parlange Lane, Livonia, Louisiana 70755 (hereinafter "the Covered Property"). The Policy issued was numbered BWPF0073549.

4.

The Covered Property is a commercial building.

5.

On or about January 24, 2023, severe thunderstorm with extreme winds struck Pointe Coupee

CERTIFIED TRUE COPY

NOV - 6 2024

BY _Meadows_
Deputy Clerk - Pointe Coupee Parish

Parish causing severe wind and rain. The Covered Property and its contents sustained severe damage from the thunderstorm's high winds and rain.

6.

Petitioner then promptly opened a claim for damages to the Covered Property, which bear claim number 2202654 (hereinafter, the "Claim").

7.

Defendant received satisfactory proof of loss on January 30, 2023, in connection with the Claim when the Defendant physically inspected the Covered Property to adjust the loss.

8.

Defendant has failed to pay any amount reasonably close to the actual damages to the Covered Property.

9.

The damage sustained to the Covered Property occurred prior to any damage to the Covered Property by any non-covered peril.

10.

Defendant failed to complete its estimate or tender payment for the loss until after the thirty (30) day deadline from the Defendant's receipt of satisfactory proof of loss.

11.

Defendant has failed to make a written offer to settle Petitioner's claims within thirty (30) days after receipt of satisfactory proof of loss.

12.

Defendant's failure to pay the amount of the Claim within the thirty (30) day statutory deadline and its failure to make a written offer to settle the Claim within the thirty (30) day statutory deadline is arbitrary, capricious and without probable cause. Pursuant to La. R.S. 22:1892, in addition to the amount of damage sustained, Defendant is liable to Petitioner for 50% additional in penalties on the amount found to be due from Defendant to Petitioner, or $1,000.00, whichever is greater, plus reasonable attorney's fees.

13.

Further, Defendant's failure to pay the amount of Petitioner's property damage within sixty

(60) days of receiving satisfactory proof of loss and its failure to make a written offer to settle the Claim within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious and without probable cause. Pursuant to La. R.S. 22:1973, Defendant owes Petitioner a duty of good faith and fair dealing in the handling of its claims. Defendant also has an affirmative duty to adjust Petitioner's claims fairly and promptly and to make a reasonable effort to settle Petitioner's claims. Defendant has breached this duty and said breach has been arbitrary and capricious and/or without probable cause.

14.

Because of the actions alleged above, Defendant is liable to Petitioner, in addition to any general or special damages to which Petitioner are entitled for breach of the imposed duties set forth above, for penalties in an amount not to exceed twice the damages sustained or $5,000.00, whichever is greater, pursuant to La. R.S. 22:1973 and La. R.S. 22:1892.

16.

Defendant is liable unto the Petitioner under the following legal theories:

1. Breach of contract;
2. Bad faith claims adjusting;
3. Negligent claims adjusting; and
4. Any and all other legal theories which may be found through discovery and proven at trial in this matter.

17.

As a result of the severe thunderstorm and Atain's arbitrary and capricious claims adjusting in connection therewith, Petitioner sustained, or will sustain, the following non-exclusive damages:

1. Property damages;
2. Loss of contents;
3. Business income loss;
4. Loss of use and enjoyment of property;
5. Repair and remediation expenses;
6. Loss of investment value of funds used to offset Atain's failure to pay, including lost interest;
7. Diminution of value of property;
8. The penalties proscribed by La. R.S. 22:1892 and 22:1973;
9. Attorney's fees and costs of this litigation; and

10. Any and all other damages which will be shown through discovery and proven at trial.

18.

This matter is triable of right by a jury, and Petitioner hereby requests a trial by jury.

\*\*\*

WHEREFORE, Petitioner prays:

A) That the Defendant, Atain, be duly cited and served with a copy of this Petition for Damages and be ordered to answer same in the manner provided by law;

B) That after due proceedings, there be judgment herein in favor of Petitioner, and against Defendant, Atain, for such damages as the Court finds to be just and reasonable, including penalties, attorney's fees, litigation expenses, together with legal interest from the date of loss until paid or as allowed by law, and for all costs hereof;

C) That this matter be tried before a jury; and

D) For all orders and decrees necessary in the premises and for full, general, and equitable relief.

Respectfully submitted,

*Kendall J. Krielow*
KENDALL J. KRIELOW (#34625)
***KRIELOW LAW FIRM, LLC***
P.O. Box 1197
Thibodaux, Louisiana 70302
Telephone: (985) 324-3400
Fax: (985) 324-3460
Email: kjk@krielowlaw.com

*PLEASE SERVE:*

**ATAIN SPECIALTY INSURANCE COMPANY**
*Through its agent for service*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

| | | |
|---|---|---|
| DOVE HAVEN, LLC | * | STATE OF LOUISIANA |
| VERSUS NO. | * | PARISH OF POINTE COUPEE |
| ATAIN SPECIALTY INS. CO. | * | 18TH JUDICIAL DISTRICT COURT |

## REQUEST FOR WRITTEN NOTICE

Pursuant to Louisiana Code of Civil Procedure article 1572, the Clerk of Court for the Parish of Pointe Coupee is hereby requested to give the undersigned counsel written notice by mail at least ten (10) days in advance, of the date fixed for the trial or hearing of this cause, whether on exception, rule or on the merits.

The Clerk of Court for the Parish of Pointe Coupee is further requested to forward the undersigned counsel notice of any order or judgment rendered in this cause immediately upon entry of such order or judgment.

Respectfully submitted

*[signature]*

KENDALL J. KRIELOW (#34625)
***KRIELOW LAW FIRM, LLC***
P.O. Box 1197
Thibodaux, Louisiana 70302
Telephone: (985) 324-3400
Fax: (985) 324-3460
Email: kjk@krielowlaw.com